C. VERDON FIRTH, PLAINTIFF-APPELLANT, v. FLEET-
WOOD MOTOR CAR COMPANY, DEFENDANT-RESPOND-
ENT.

Argued February term, 1924—Decided May term, 1924.

**Contracts—Breach Alleged—Another Contract Afterward Sub-
stituted—Unless Second Contract is Fulfilled Plaintiff May
Recover on First Contract.**

On appeal from the Burlington Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For plaintiff-appellant, *Francis J. Smith.*

For defendant-respondent, *Robert Peacock.*

PER CURIAM.

The plaintiff sued to recover on a contract for the sale and
purchase of a Hudson sedan motor car, warranted to be of
the 1920 model. It turned out to have been a car made in
the year 1918 or earlier, and having ascertained that fact the
plaintiff tendered it back to the vendor, and demanded the
purchase-money paid therefor. In this situation it was ulti-
mately agreed that the defendant should substitute a seven-
passenger Hudson car with a badger top for the car in ques-
tion, and the plaintiff to pay the difference in the price, and
also agreed that the carrying out of this arrangement should
exonerate the defendant from any liability for non-perform-
ance of his original contract. At the close of the plaintiff's
case the trial judge directed a nonsuit, upon the ground that
there had been a novation by the substitution of a new con-
tract in place of the old one. We think this ruling was erro-
neous, and that there was no novation.

It was clearly established that the abandonment of the
original contract was conditioned upon the performance by

the defendant of the substituted contract, and, therefore, obviously, until such performance the original contract remained in force. The defendant failed to perform the substituted contract, and the right of the plaintiff to recover for breach of the original contract, therefore remained intact. *Cooke* v. *McAdoo*, 85 *N. J. L.* 692; 20 *R. C. L.* 369, and cases cited.

The judgment appealed from will be reversed and a *venire de novo* issue.